IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN SCOTT THOMAS, | : | CIVIL ACTION NO. 1:25-CV-1658 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| THOMAS MCGINLEY, *et al.*, | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Christian Scott Thomas, alleges that defendants violated his civil rights by transferring him to another prison in retaliation for filing grievances. Thomas's complaint will be dismissed without prejudice, and he will be granted leave to file an amended complaint.

**I.    Factual Background & Procedural History**

Thomas filed this case in the United States District Court for the Eastern District of Pennsylvania on August 27, 2025, and that court transferred the case to this district on September 4, 2025. (Docs. 2, 6). The exact nature of Thomas's complaint is difficult to understand, but the court liberally construes the complaint as alleging that he was transferred between prisons in retaliation for filing grievances. The complaint alleges that he was transferred from SCI-Coal Township

to SCI-Albion in February 2024, for an unexplained reason.[1] (Doc. 2 at 6, 52).[2] Because no reason was provided for the transfer, Thomas states that "it could only be" retaliation for his complaints of staff misconduct. (Id. at 52). The complaint alleges that officials at both prisons failed to adequately respond to his grievances and related appeals about the transfer. (Id. at 52-53).

## II.   Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. §

---

[1] Prior to her appointment to this court, the undersigned was employed as an attorney with the Pennsylvania Office of the Attorney General ("OAG"), which frequently represents individuals employed by the Pennsylvania Department of Corrections ("DOC") and state correctional institutions. Canon 3(C) of the Code of Conduct for United States Judges requires a judge to "disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." A federal statute similarly requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Here, the court has reviewed this matter and concludes that disqualification is not necessary. Although the undersigned has represented DOC and state correctional employees in numerous past cases, the undersigned does not have a personal or professional relationship with any of the defendants. The undersigned also does not have any personal knowledge of the plaintiff or the facts of this case.

[2] Although the docket entry for plaintiff's complaint on the court's electronic docket is 54 pages long, the only factual allegations in the complaint are on pages 6, 52, and 53. The majority of the document is exhibits related to plaintiff's administrative grievances.

1915(e)(2);[3] 28 U.S.C. § 1915A.[4] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886

---

[3] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[4] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

(D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. Discussion

Thomas's federal constitutional claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The court liberally construes Thomas's complaint as asserting a claim for retaliation in violation of the First Amendment. To state a retaliation claim, a plaintiff must allege: (1) he engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against him that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the protected conduct and the retaliatory action. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). Causation may be pleaded by alleging either an unusually suggestive temporal proximity between the plaintiff's protected

5

conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing. Dondero v. Lower Milford Twp., 5 F.4th 355, 361-62 (3d Cir. 2021) (citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)).

Here, Thomas's complaint plainly fails to state a retaliation claim upon which relief may be granted. Assuming, *arguendo*, that his transfer from SCI-Coal Township to SCI-Albion is a sufficiently adverse action to support a retaliation claim, he has still not alleged any facts to show that the transfer was motivated by his protected conduct in any way. Thomas's only allegation pertaining to causation is his statement that the transfer "could only be" motivated by retaliation because he was not provided any other reasons for the transfer. (Doc. 2 at 52). This unsupported speculation is not sufficient to allege a causal link between his protected conduct and the defendants' actions. Accordingly, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. Thomas will be granted leave to amend his complaint because the court cannot conclude that such an amendment would be inequitable or futile.

## IV. Conclusion

Thomas is granted leave to proceed *in forma pauperis*, and his complaint is dismissed without prejudice for failure to state a claim upon which relief may be

6

granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. Thomas is additionally granted leave to file an amended complaint. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   November 26, 2025