IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN SCOTT THOMAS, | : | CIVIL ACTION NO. 1:25-CV-1658 |
| | : | |
| **Plaintiff** | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| THOMAS MCGINLEY, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Christian Scott Thomas, alleges that defendants violated his civil rights by transferring him to another prison in retaliation for filing grievances, placing him in solitary confinement, and subjecting him to strip searches. The case will be dismissed with prejudice.

## I.    <u>Factual Background & Procedural History</u>

Thomas filed this case in the United States District Court for the Eastern District of Pennsylvania on August 27, 2025, and that court transferred the case to this district on September 4, 2025. (Docs. 2, 6). On November 26, 2025, the court dismissed the complaint without prejudice and granted Thomas leave to file an amended complaint. (Docs. 11-12). Thomas filed an amended complaint on February 17, 2026. (Doc. 19).[1]

---

[1] Thomas filed two motions for leave to amend in connection with his amended complaint. (Docs. 17, 19). Because the court already granted him leave to amend, the motions will be denied as moot.

Thomas's amended complaint alleges that he was placed in SCI-Coal Township's restricted housing unit ("RHU") and subsequently transferred to another prison. (Doc. 19 at 1). Thomas asserts that he was never given a reason for either action. (Id.). Thomas alleges that the actions were retaliation for his filing of grievances against prison officials. (Id.). Thomas also asserts that he was subjected to unconstitutional conditions of confinement in violation of the Eighth Amendment because he was strip searched multiple times while in the RHU. (Id. at 2). Finally, Thomas alleges that his due process rights were violated because he was transferred to another prison with no process. (Id. at 3).[2]

## II.    **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. §

---

[2] As the court previously noted, prior to her appointment to this court, the undersigned was employed as an attorney with the Pennsylvania Office of the Attorney General ("OAG"), which frequently represents individuals employed by the Pennsylvania Department of Corrections ("DOC") and state correctional institutions. Canon 3(C) of the Code of Conduct for United States Judges requires a judge to "disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." A federal statute similarly requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Here, the court has reviewed this matter and concludes that disqualification is not necessary. Although the undersigned has represented DOC and state correctional employees in numerous past cases, the undersigned does not have a personal or professional relationship with any of the defendants. The undersigned also does not have any personal knowledge of the plaintiff or the facts of this case.

1915(e)(2);[3] 28 U.S.C. § 1915A.[4] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886

---

[3] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[4] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

(D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

4

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III.    Discussion

Thomas's federal constitutional claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

As noted above, Thomas advances three constitutional claims: (1) retaliation in violation of the First Amendment; (2) unconstitutional conditions of confinement in violation of the Eighth Amendment; and (3) violation of Thomas's Fourteenth Amendment right to due process.

To state a retaliation claim, a plaintiff must allege: (1) he engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against him that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the protected

5

conduct and the retaliatory action. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). Causation may be pleaded by alleging either an unusually suggestive temporal proximity between the plaintiff's protected conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing. Dondero v. Lower Milford Twp., 5 F.4th 355, 361-62 (3d Cir. 2021) (citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)).

Here, Thomas's complaint plainly fails to state a retaliation claim upon which relief may be granted. The court previously dismissed his retaliation claim because he offered nothing other than unsupported speculation to show a causal connection between his filing of grievances and the defendants' actions. Thomas has plainly failed to cure this pleading defect: he states in his amended complaint that he was never provided a reason for his placement in the RHU or his subsequent transfer and simply speculates that such actions must have been retaliation.

Thomas's Eighth and Fourteenth Amendment claims also fail to state a claim upon which relief may be granted. Neither a short stint in solitary confinement nor routine strip searches during that solitary confinement violate Thomas's constitutional rights.[5] See Sandin v. Conner, 515 U.S. 472, 486 (1995); Parkell v. Danberg, 833 F.3d 313, 334 (3d Cir. 2016). Thomas also does not have a due process right to remain in any particular prison, so the prison was not required to provide

---

[5] The amended complaint does not state how long Thomas was in the RHU, but it appears from his allegation that he was placed in the RHU while he awaited his transfer that it was only for a period of a few days.

him any due process before transferring him. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 & n.6 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976).

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. <u>Phillips</u>, 515 F.3d at 245. Here, the court will deny leave to amend as futile. Thomas has had multiple opportunities to state a claim upon which relief may be granted and has failed to do so.

## IV.    <u>Conclusion</u>

Thomas's amended complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. This case will be closed. An appropriate order shall issue.

/S/ K<small>ELI</small> M. N<small>EARY</small>
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    February 27, 2026